**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

JAMES MILICAN,

Plaintiff,

v. Case No. 20-11088

HOME DEPOT U.S.A., INC.,

Defendant.

_________________________________/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Plaintiff James Milican brings this action for breach of contract against Defendant Home Depot U.S.A., Inc. (ECF No. 1, PageID.16-17.) He is an employee of Defendant and claims the parties entered into an agreement whereby Defendant promised to provide him an enhanced bonus plan. (*Id.*, PageID.15, ¶ 12.) Defendant allegedly broke this agreement and refused to pay Plaintiff higher compensation. (*Id.*, PageID.16, ¶ 15.)

In lieu of filing an answer, Defendant moves to dismiss Plaintiff's complaint. Fed. R. Civ. P. 12(b). (ECF No. 5.) It argues that Plaintiff did not present in his complaint the terms of the alleged contract at issue and thus failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff filed a response and Defendant replied. (ECF Nos. 9, 10.) The court has reviewed the briefing in this case and finds a hearing unnecessary. E.D. Mich. L.R. 7.1(f)(2). The court will grant in part and deny in part Defendant's motion.

## I.  BACKGROUND

The following are facts as alleged in Plaintiff's complaint. In a motion to dismiss, the court accepts Plaintiff's factual allegations as true but makes no overt finding as to truth or falsity. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant hired Plaintiff in January 1995 as a management employee. (ECF No. 1, PageID.14, ¶ 5.) He was promoted to the position of "District Manager" in September 1998 and was placed in charge of a retail store in Southfield, Michigan. (*Id.*, ¶ 7.)

At the time of Plaintiff's promotion, there was an ongoing Equal Employment Opportunity Commission ("EEOC") complaint against several employees at Defendant's Southfield location. (*Id.*, ¶ 8.) Plaintiff provided assistance to Defendant and worked with its legal team in responding to the charge. (*Id.*, PageID.14-15, ¶¶ 8-9.)

As part of an agreement to settle the EEOC charge, Defendant promised to change management at the Southfield location. (*Id.*, PageID.15, ¶ 10.) Defendant discussed the settlement terms with Plaintiff and Plaintiff and Defendant agreed that he would accept reassignment to a new role of "Regional Installed Sales Manager." (*Id.*, PageID.15, ¶ 11.) Defendant's management stated to Plaintiff that the EEOC investigation had attributed to him no fault, but the government insisted on a change of management as a term of settlement. (*Id.*, ¶¶ 10, 14.) Thus, so that Plaintiff would not have his compensation reduced by the change in title, Defendant and Plaintiff orally agreed that Plaintiff would receive a bonus structure of a "Regional Vice President." (*Id.*, ¶ 12.) The agreement was "later confirmed in writing by [Defendant's] management

officials, and the written confirmation was provided to [its] Human Resources department."[1] (*Id.*, ¶ 13.)

Plaintiff accepted the role of Regional Installed Sales Manager in February 2000 and performed the work required of him to a satisfactory level to the present day. (*Id.*, PageID.16, ¶ 18.) However, Defendant has refused to provide Plaintiff the bonus compensation of a Regional Vice President. (*Id.*, ¶¶ 15, 19.)

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) a party can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014). "To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The plaintiff must present "more than labels and conclusions." *Twombly*, 550 U.S. at 545. "[A] formulaic recitation of a cause of action's elements will not do." *Id.*

---

1 This alleged written confirmation was not attached to Plaintiff's complaint, nor was it included in the parties' briefing for the instant motion.

When reviewing a motion to dismiss, the court may consider "documents incorporated into the complaint by reference . . . and matters of which a court may take judicial notice" in addition to allegations in the complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may consider "a document that is not formally incorporated by reference or attached to a complaint" when "[the] document is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

## III. DISCUSSION

Defendant claims that Plaintiff's complaint in insufficiently precise as to the alleged contract's terms. (ECF No. 5, PageID.60-63.) It also argues that Plaintiff is time barred from recovering damages for breach of contract occurring prior to March 18, 2014. (*Id.*, PageID.63-64.) The court will address each issue in turn.

### A. Contract Terms

Defendant's central argument is that Plaintiff fails to present the terms of the agreement it allegedly violated. (ECF No. 5, PageID.60-63.) It cites unpublished Sixth Circuit caselaw standing for the proposition that "a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*, 492 F. App'x 518, 522 (6th Cir. 2012). (ECF No. 5, PageID.60-63.) Defendant misapplies the cited standard and fails to demonstrate that dismissal of Plaintiff's claim is appropriate.

To bring a successful breach of contract claim under Michigan law, Plaintiff must prove that "(1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co. v. Ahrens Constr.,*

*Inc.*, 495 Mich. 161, 178, 848 N.W.2d 95 (2014) (citing *Stevenson v. Brotherhoods Mut. Benefit*, 312 Mich. 81, 90-91, 19 N.W.2d 494 (1945)). In order to prove the creation of a contract, there must be "(1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Bank of America, NA v. First Am. Title Ins. Co.*, 499 Mich. 74, 101, 878 N.W.2d 816 (2016) (citing *AFT Mich. V. Michigan*, 497 Mich. 197, 235, 497 N.W.2d 782 (2015)).

Defendant does not substantively analyze Michigan's elements for formation of a contract. Although it argues that specificity in contract terms is important to accurately analyze mutuality of agreement, i.e., meeting of the minds, there is no detailed dispute that both Plaintiff, who was an employee hired by Defendant in a management role, and Defendant, a sophisticated corporation, were competent parties to a contract.[2] *Bank of America, NA*, 499 Mich. at 101; *Calhoun County v. Blue Cross Blue Shield Mich.*, 824 N.W.2d 202, 209 (Mich. Ct. App. 2012) (quotation removed) (explaining that mutuality of agreement incorporates the understanding that a contract "must have a meeting of the minds on all essential terms of a contract."). (ECF No. 5, PageID.62.) Employment at a retail home improvement store and bonus compensation for such employment is not an improper subject matter and any resultant exchange would not involve illegal consideration. *Bank of America, NA*, 499 Mich. at 101; *Morris & Doherty, P.C. v.*

---

[2] In Defendant's reply, it adds a new and more detailed argument that in fact the alleged agreement lacked consideration. (ECF No. 10, PageID.109-10.) It also argues, for the first time, that the parties modified the agreement through their course of conduct. (*Id.*, PageID.113-14.) The court is not inclined to accept new Jack-in-the-box arguments arising in a reply brief. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (quotation removed) ("Raising the issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.").

*Lockwood*, 672 N.W.2d 884, 893 (Mich. Ct. App. 2003) (emphasis removed) ("A proposed contract is concerned with a proper subject matter only if the contract performance requirements are not contrary to public policy.").

Plaintiff's complaint also alleges mutuality of agreement and obligation. *Bank of America, NA*, 499 Mich. at 101. Mutuality of agreement requires that the parties "assent[ed]" and "intended to be bound by [the] terms of the contract." *Hall v. Small*, 267 N.W.2d 741, 743 (Mich. Ct. App. 2005). Plaintiff alleged that he "had extensive discussions with Defendant's management regarding his removal," and out of those discussions "management *determined* that they would move Plaintiff to a newly created role of Regional Installed Sales Manager." (ECF No. 1, PageID.15, ¶ 11.) Defendant also "*agreed* to provide [Plaintiff] with the bonus structure of a Regional [Vice President]." (*Id.*, ¶ 12.) Defendant "later *confirmed in writing*" the promise to pay Plaintiff according to a Regional Vice President's bonus structure. (*Id.*, ¶ 13.) Taking these allegations as true, as the court must do in a motion to dismiss, Plaintiff has at least plausibly alleged that Defendant took active steps to craft and develop the terms of the alleged contract. *Ashcroft*, 556 U.S. at 678. By "reasonable inference," Plaintiff has alleged that Defendant understood and assented to the agreement whereby Plaintiff would be placed in the new role of Regional Installed Sales Manager and would receive the bonus structure of a Regional Vice President. *Id.*; *Hall*, 267 N.W.2d at 743.

Mutuality of obligation corresponds with consideration. *Hall*, 705 N.W.2d at 744 (quoting *Teed v. Citizens Ins. Co. of America*, 449 N.W.2d 22, 25 (Mich. Ct. App. 1993)) ("By 'mutuality of obligation' is apparently meant that there must be consideration."). "To have consideration there must be a bargained-for exchange; there must be a benefit on

one side, or a detriment suffered, or service done on the other." *Innovation Ventures v. Liquid Mfg.*, 499 Mich. 491, 508, 885 N.W.2d 861 (2016) (quoting *Gen. Motors Cop. v. Dep't of Treasury*, 466 Mich. 231, 238-39, 644 N.W.2d 734 (2002)). Plaintiff alleged that "[i]n order to settle the EEO[C] charge" against Defendant's employees at the Southfield location, "the [prosecuting] government officials . . . required a change in management." (ECF No. 1, PageID.15, ¶ 10.) To allow Defendant to settle the EEOC action with the government, Plaintiff agreed to resign from his then title of District Manager, stay within Defendant's company but take a new title of Regional Installed Sales Manager, and receive the bonus structure of Regional Vice Presidents. (*Id.*, ¶¶ 10-13.) Plaintiff exchanged the loss of his title as District Manager and his continued employment with Defendant as a Regional Installed Sales Manager, which provided Defendant the benefit of settling the EEOC charge without losing Plaintiff as an employee, for a bonus structure of Regional Vice Presidents. (*Id.*) Mutuality of obligation is satisfied. *Ashcroft*, 556 U.S. at 678; *Innovation*, 499 Mich. at 508; *Hall*, 705 N.W.2d at 744.

Defendant's motion does not discuss the adequacy of Plaintiff's pleadings for breach and damages, the remaining two elements for a breach of contract claim after formation of a contract. *Miller-Davis Co.*, 495 Mich. at 178. The court notes that Plaintiff alleged that "Defendant failed, refused and/or neglected to compensate Plaintiff in accordance with its verbal and written agreements," i.e., to provide Plaintiff with the bonus structure of a Regional Vice President. (ECF No. 1, PageID.16, ¶ 19.) As a result, Plaintiff "suffer[ed] economic harm, including without limitation lost compensation and/or fringe benefits." (*Id.*, ¶ 21.) Plaintiff appears to have alleged breach and damages. *Ashcroft*, 556 U.S. at 678; *Miller-Davis Co.*, 495 Mich. at 178.

Nonetheless, Defendant argues that the court must dismiss Plaintiff's complaint and extinguish any right to relief he may have because "Plaintiff has neither attached any contract to his [c]omplaint, nor alleged the specific terms of any contract allegedly breached." (ECF No. 5, PageID.61.) Defendant does not cite a Federal Rule of Civil Procedure establishing this requirement or any Michigan law, which is the substantive basis for Plaintiff's claim. *Shady Grove Orthopedic Assocs. v. Allstate Ins.*, 559 U.S. 393, 417 (2010) ("Federal courts sitting in diversity apply state substantive law."); *see also* Fed. R. Civ. P. 9 (describing circumstances where a party must state a claim with particularity). Instead, Defendant cites the general proposition that "a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Northampton Rest. Grp., Inc.*, 492 F. App'x at 522. (ECF No. 5, PageID.60-63.) However, that assertion stands as a mere legal conclusion. While courts have cited that principle, they have applied it in different ways and in factually distinct cases.

In *Northamptom Restaurant Group, Inc. v. FirstMerit Bank, N.A.*, a business brought a breach of contract claim under Ohio law against a bank. 492 F. App'x at 519. The business entered into contracts with the bank to establish a deposit account and a credit line. *Id.* The bank engaged in a fairly common practice called "resequencing" whereby larger requests for withdraw would be processed first before smaller amounts, thus increasing the potential that the account would be overdrawn and overdrawn to a greater extent. *Id.* at 519-20. The business allegedly experienced overdraft and finance fees due to the bank's resequencing. *Id.* The business alleged, in conclusory fashion, that its deposit and credit contracts barred use of resequencing. *Id.* at 520. While the

bank attached the parties' contracts to a motion to dismiss, which stated expressly that the bank could resequence withdrawal requests, the business asserted it did not even have the contracts which allegedly barred resequencing and expected to develop its case in discovery. *Id.* at 521-22.

The court affirmed dismissal of the complaint. *Id.* It reasoned that the business must "reference . . . specific language" in the contract to state a plausible claim for relief and reasoned that the business must "identify[] and present[] the actual terms of the contract" supporting the assertion that the bank agreed not to use resequencing. *Id.* at 522.

The court in *Northampton Restaurant Group* correctly "[drew] on its judicial experience and common sense" to find that the business failed to state a claim for breach of contract when it alleged as a conclusion that a deposit account and credit agreement barred use of a relatively frequent practice in the finance sector without alleging that a specific term of the contract stated as much . *Ashcroft*, 556 U.S. at 679; *Northamptom Restaurant Group, Inc.*, 492 F. App'x at 521-22. The business admitted that it did not even have access to the contracts, and the bank attached the agreements which included terms permitting the practice. *Northamptom Restaurant Group, Inc.*, 492 F. App'x at 521-22. Here, Plaintiff is not alleging that a common commercial agreement, like a contract to create a deposit account, contained an unusual term outside the main purpose of the contract. *Id.* Plaintiff is claiming that the whole design of the alleged agreement was to reassign him to a new role while still providing him adequate compensation so as to not inflict "economic detriment" for a settlement with the EEOC. (ECF No. 1, PageID.15, ¶¶ 10-13.) Plaintiff does not claim that he lacks access to the

contract, thereby lacking knowledge of its content, as did the business in *Northampton Restaurant Group*, and Defendant does not attach the alleged contract which definitively shows Plaintiff is not entitled to relief, as did the *Northampton Restaurant Group* bank. 492 F. App'x at 521-22.

In *KSA Enterprises, Inc. v. Branch Banking and Trust Company*, a debtor company brought a breach of contract action under Kentucky law against its creditor, a bank. 761 F. App'x 456, 458-59 (6th Cir. 2019). The company admitted that a document incorporated in its loan agreements with the bank defined "cash flow" to exclude certain payments, such as dividends to stockholders. *Id.* at 459. However, the company alleged that the bank made an oral representation that "cash flow" did not exclude those payments. *Id.* The bank warned the company that its cash flow was too low and that it should refinance, which the company did. *Id.* The bank did not default the loans or accelerate repayments. *Id.* The company brought a claim for breach of contract, arguing it incurred prepayment fees for refinancing with a different lender. *Id.*

The court affirmed dismissal of the claim, reasoning that although the company contested the definition of cash flow, it failed to allege that the bank breached any term of the contract by simply warning the company that its cash flow was too low and that it should refinance. *Id.* at 460. The bank did not take any action that could implicate terms of the contract, such as declaring a default or accelerating payments. *Id.*

It is undoubtedly true that a plaintiff bringing a cause of action for breach of contract must "identify[] and present[] the actual terms of the contract allegedly breached." *KSA Enterprises, Inc.*, 761 F. App'x at 460. A plaintiff must prove the existence of a contract and mutuality of agreement and obligation, which require the

understanding, assent, and exchange of promises; terms give expression to promises. *Miller-Davis*, 495 Mich. at 178; *Innovation*, 499 Mich. at 508; *Hall*, 705 N.W.2d at 743-44. If a party does not breach a promise included in a contract, there is no viable claim. The company in *KSA Enterprises* admitted the contract at issue incorporated a definition of cash flow on which the bank relied to issue its warning. *KSA Enterprises, Inc.*, 761 F. App'x at 459. While the company disputed the bank's definition of cash flow based on an oral representation, the company did not in any way allege that simply issuing a warning breached any promise or agreement, i.e., term, of the contract. *Id.* Without an activity implicating the contract at all, a plaintiff cannot succeed in claiming breach.

The case here is entirely different. Plaintiff has "identif[ied] and present[ed]" the terms of the alleged agreement: that Plaintiff would accept the title of Regional Installed Sales Manager in exchange for a bonus compensation package of a Regional Vice President. *Id.* at 460. (ECF No. 1, PageID.15, ¶¶ 10-13.) The terms were allegedly breached when Plaintiff performed his duties as Regional Installed Sales Manager but was not provided the promised bonus plan. (ECF No. 1, PageID.16, ¶¶ 18-19.) Unlike the company in *KSA Enterprises*, Plaintiff does not allege Defendant acted in a certain way while failing to allege how that action related to a contract and a term contained therein.

Similarly, in *Young v. International Union,* employees of an automotive supplier alleged that their employer breached a collective bargaining agreement by failing to raise the employees' wages. 148 F. Supp. 3d 602 (E.D. Mich. 2015) (Edmunds, J.). Like the courts in *Northampton Restaurant Group* and *KSA Enterprises, Inc.*, the court in

*Young* asserted that the employees "can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached" and found that the employees had failed to do so. *Young*, 148 F. Supp. 3d at 616-17. But the court was provided a copy of the collective bargaining agreement, could review its terms directly, and could find no terms guaranteeing higher wages. *Id.* at 616-618. The employees admitted there were no explicit terms providing such compensation and argued it was an "inference" and "interpretation." *Id.* at 617. Of course, "[t]he proper interpretation of a contract is a question of law." *Royal Ins. Co. of Am. v. Orient Overseas Container Line Ltd.*, 525 F.3d 409, 421 (6th Cir. 2008). When reviewing an extensive collective bargaining agreement on a motion to dismiss where the plaintiff admittedly fails to identify a single provision that supports a viable claim, dismissal is appropriate. *Young*, 148 F. Supp. 3d at 616-18. Here, Plaintiff's claim is much narrower in focus. He presents allegations that he made an oral agreement, later confirmed in writing, to receive the bonus plan of a Regional Vice President. (ECF No. 1, PageID.15, ¶¶ 10-13.) The court must accept those assertions as true for purposes of this motion, and, therefore, Plaintiff has stated a valid claim for relief. *Ashcroft*, 556 U.S. at 678.

Defendant's logic would require that to state even a *prima facie* claim Plaintiff must come forward and either attach the alleged agreement, quote from it directly, or include intricate details such as the names and titles of managers who entered into the agreement on behalf of Defendant, the date of the agreement, and the contract's termination date. (ECF No. 5, PageID.62.) Yet federal court pleading requirements, as set out in Federal Rule of Civil Procedure 8, were not designed to be "a game of skill," "technical" and where "one misstep by counsel may be decisive to the outcome."

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-514 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)); *see* Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct. No technical form is required."). Instead, a pleading's primary purpose is to provide the defendant "adequate notice of the charges it was defending" and to present "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [acts]." *Twombly*, 550 U.S. at 556; *Carter v. Ford Motor Co.*, 561 F.3d 562, 568 (6th Cir. 2009). Plaintiff's complaint does so: it informs Defendant that Plaintiff was moved to Regional Installed Sales Manager and was allegedly promised additional bonus compensation in return. Further discovery will reveal whether, as Plaintiff alleges, Defendant actually agreed to provide additional compensation, and whether it committed a breach of the parties' alleged agreement. Such questions need not be answered at this time.

Plaintiff has made sufficient factual assertions, "accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. He has gone beyond merely reciting the elements for breach of contract and listing legal conclusions. *Twombly*, 550 U.S. at 545. The court will not dismiss Plaintiff's complaint for failure to state a claim.

**B. Statute of Limitations**

Plaintiff alleges that he "suffer[ed] economic harm . . . from and after February 2000," when he was originally placed in the position of Regional Installed Sales Manager. (ECF No. 1, PageID.16, ¶ 21.) However, the statute of limitations in Michigan for breach of contract is six years. Mich. Comp. Laws § 600.5807(9); *Seyburn, Kahn, Ginn, Bess, Deitch and Serlin, P.C. v. Bakshi*, 483 Mich. 345, 355, 771 N.W.2d 411

(2009). Defendant argues the earliest date Plaintiff can recover damages for an alleged breach is March 18, 2014, six years prior to the date Plaintiff filed the instant complaint. (ECF No. 5, PageID.63.) Plaintiff "agrees that breaches outside of the limitations period are barred."[3] (ECF No. 9, PageID.103.) Thus, he cannot recover damages for alleged breaches that occurred before the six-year limitations period. Mich. Comp. Laws § 600.5807(9).

## IV. CONCLUSION

Plaintiff states a plausible claim for relief for breach of contract. He does not need to describe the term Defendant allegedly breached in extensive detail, quote the term, or attach the alleged contract to his complaint. However, Plaintiff cannot recover damages for breaches of contract that occurred prior to Michigan's six-year statute of limitations. Accordingly,

IT IS ORDERED that Defendant's "Motion to Dismiss" (ECF No. 5) is GRANTED IN PART and DENIED IN PART. It is GRANTED as to any possible claims arising outside Michigan's statute of limitations, and it is DENIED as to the specificity of Plaintiff's complaint.

s/Robert H. Cleland /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2020

[3] Why this issue had to be briefed, the court does not know. Defendant as moving party was supposed to have sought concurrence pursuant to Local Rule 7.1(a), and alleges it did but that Plaintiff did not concur. E.D. Mich. L.R. 7.1(a). (ECF No. 5, PageID.50.) Either Defendant did an ineffective job of seeking agreement (e.g., a terse email at the eleventh hour), or Plaintiff provided a thoughtless, knee-jerk rejection. In either case, billable hours were wasted. Counsel shall not reprise this scenario.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 15, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-11088.MILICAN.MotiontoDismiss.RMK.RHC.3.docx